UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------

DEONTE MIMS, : CASE NO. 1:18 CV 2276
:
    Plaintiff, :
:
vs. : OPINON & ORDER
:
SHIRLEY SMITH, :
:
    Defendant. :
:

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Plaintiff Deonte Mims, an Ohio prisoner, has filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendant Shirley Smith, Chairperson the Ohio Adult Parole Authority. (Doc. No. 1.) In his Complaint, he challenges the constitutionality of the post-release control portion of his state sentence, and the relief he seeks is "to have Post Release Control Terminated." (*Id*. at 5.)

Pursuant to 28 U.S.C. § 1915A, federal courts are required to screen any action in which a prisoner seeks redress from a governmental officer or employee, and to dismiss before service any such action that the Court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

The Court finds that the plaintiff's civil rights action must be dismissed.

When a state prisoner challenges the fact or duration of his physical imprisonment and by way of relief seeks a determination that he is entitled to immediate release or a speedier release, his sole federal remedy is a writ of *habeas corpus*. *Preiser v. Rodriguez*, 411 U.S. 475, 475 (1973).

Case No. 1:18 CV 2276
Gwin, J.

A prisoner may not use a civil rights action as an alternative to a petition for a writ of *habeas corpus* where he seeks to challenge the legality of his confinement. *Id*. at 489-90.

The plaintiff's Complaint challenging the post release control portion of his state sentence falls within the realm of *habeas corpus* and fails to state a claim upon which he may be granted relief under § 1983.

Accordingly, the Complaint is dismissed pursuant to 28 U.S.C. § 1915A. The Court further certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated: January 28, 2019
*s/      James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE